IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAYRA SANCHEZ RODRIGUEZ, § <br> Petitioner, § <br> § <br> v. § <br> § <br> THE STATE OF TEXAS, § <br> Respondent. § | No. 3:20-cv-02308-X (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Mayra Sanchez Rodriguez, a federal prisoner, filed a *pro se* petition for a writ of mandamus. For the following reasons, the Court should dismiss the petition for want of prosecution under Fed. R. Civ. P. 41(b).

I.

Petitioner did not pay the filing fee or file a motion to proceed *in forma pauperis* and a six-month certificate of inmate trust account. Therefore, on August 21, 2020, the Court sent Petitioner a Notice of Deficiency and Order, which informed her that she had 30 days to pay the filing fee or file a motion to proceed *in forma pauperis* and a six-month certificate of inmate trust account. (ECF No. 4). The Court warned Petitioner that failure to cure these deficiencies within 30 days could result in a recommendation that her petition be dismissed. More than 30 days have passed, and Petitioner has failed to respond to the Court's order.

1

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Petitioner has failed to either pay the filing fee or file a motion to proceed *in forma pauperis*. This litigation cannot proceed until she cures this deficiency. Accordingly, the petition should be dismissed for want of prosecution.

III.

The Court should dismiss the petition without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed October 28, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).